## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SWETLIC CHIROPRACTIC &**
**REHABILITATION CENTER, INC.,**

      **Plaintiff,**

                                       **Case No. 2:16-cv-236**
      **v.**                              **Judge George C. Smith**
                                       **Magistrate Judge Elizabeth P. Deavers**

**FOOT LEVELERS, INC.,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

Plaintiff, Swetlic Chiropractic and Rehabilitation Center, Inc., brings this action against Defendants, Foot Levelers, Inc. and John Does 1-10, alleging that Defendants sent advertisements to Plaintiff and others in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* This matter is before the Court for consideration of Plaintiff's Motion To Preserve Evidence From WestFax, Inc. ("WestFax"), in which Plaintiff seeks an Order from the Court requiring non-party WestFax to preserve certain evidence. (ECF No. 4.) For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART**.

### I.

According to Plaintiff, non-party WestFax may have transmission reports and other electronically stored information ("ESI") that identify fax numbers that received Defendants' advertising faxes. Plaintiff asserts that it may need this information to establish which recipients are in the proposed class and how many violations of the TCPA occurred. Plaintiff represents

that WestFax has informed it that transmission reports are automatically deleted within sixty to ninety days following each fax broadcast.

On March 16, 2016, Plaintiff asked WestFax to preserve certain ESI.  WestFax informed Plaintiff that it would only preserve the evidence with an appropriate Court Order.

Through the subject Motion, Plaintiff seeks an Order compelling non-party WestFax to preserve the following ESI:

a.  All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail systems usage) sent or received by anyone relating to Defendant;

b.  All other electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) containing information regarding Defendant;

c.  All databases (including all records and field structural information in such databases); containing any reference to and/or information about Defendant;

d.  All logs of activity or any computer system which may have been used to process or store electronic data containing information about Defendant;

e.  All word processing files and file fragments containing information about Defendant;

f.  With regard to electronic data created by application programs that process financial, accounting and billing information, all electronic files and file fragments containing information about Defendant;

g.  All files and file fragments containing information from electronic calendars and scheduling programs where such data files contained information about Defendant;

h.  All electronic data files and file fragments created or used by electronic spreadsheet programs where such data files contained information about Defendant;

i.  All other electronic data containing information about Defendant; and

j.  All electronic mail from third party resources (e.g. Hotmail, Yahoo, Gmail, AOL, etc.) that may contain references or correspondence regarding Defendant.

(Pl.'s Mot. 2–3, ECF No. 4.)  In the correspondence Plaintiff sent to WestFax, it directed WestFax in the methods to preserve the foregoing information, including directing it to preserve the information through obtaining an "exact mirror ('bit stream') image" with regard to online storage, storage devices, stand-alone computers, and network workstations.  (Mar. 16, 2016 WestFax Corres. 3–5, ECF No. 4-1.)

Plaintiff filed the subject Motion on March 17, 2016, only two days after it filed this action and before it had effected service of process over Defendants.  Plaintiff contends that an Order requiring WestFax to preserve the foregoing information will not unfairly prejudice Defendants because they will have the opportunity to review and object to the subpoena it issues to WestFax during the normal discovery process.

The Certificate of Service attached to the Motion fails to reflect that Plaintiff served a copy of its Motion on WestFax.

## II.

As a threshold matter, the Court first considers whether Plaintiff has demonstrated good cause for seeking a preservation order on an expedited basis.  Federal Rule of Civil Procedure 26 governs the timing and sequence of discovery.  Rule 26(d) provides as follows:

(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

3

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id.* (citation omitted). The moving party may establish good cause by demonstrating that "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *See id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause is often found . . . where evidence may be lost or destroyed with time." *Caston v. Hoaglin*, No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009) (citations omitted). Finally, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

Here, Plaintiff has demonstrated that as a result of WestFax's alleged retention policies, evidence relevant to this action may be destroyed absent a Court Order. The Court therefore concludes that that Plaintiff has satisfied its burden to seek a discovery order at this juncture notwithstanding that the parties have not conducted their Rule 26(f) conference. The Court therefore turns to the propriety of the preservation order Plaintiff requests.

Generally, preservation orders are unnecessary because parties to civil litigation have "a duty to preserve relevant information, including ESI . . . ." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citations omitted). In *Goetz*, the United States Court of Appeals for the Sixth Circuit indicated that preservation orders should therefore "be employed in a very limited set of circumstances." *Id.* The *Goetz* Court also pointed out that The Sedona Principles instruct that in

4

general, preservation orders "must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion." *Id*. (citing The Sedona Principles, Second Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production at 33 (The Sedona Conference Working Group Series, 2007) *available at* https://thesedonaconference. org/download-pub/81); *see also*, *Bright Solutions for Dyslexia, Inc. v. Doe 1*, No. 15-cv/1618, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (stating that "[c]ourts must exercise restraint in using their inherent authority to issue preservation orders" and must require a showing that "potentially relevant evidence will be destroyed causing harm to the opposing party" (citations omitted)).  The Federal Court of Claims employs a two-prong test in assessing entitlement to a preservation order, requiring the movant to "demonstrate that it is necessary and not unduly burdensome." *See Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004).  Other courts have employed a three-factor "balancing test," considering the following three factors:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*See*, *e.g., Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.,* 220 F.R.D. 429, 433–34 (W.D. Pa. 2004) (footnote omitted); *Centurylink, Inc. v. Alpine Audio Now, LLC*, No. 15-cv-1973; 2016 WL 192291, at *1-2 (D. Col. Jan 15, 2016); *Bright Solutions,* 2015 WL 5159125, at *2; *Lykins v. CertainTeed Corp*, No. 11-2133, 2011 WL 6337631, at *3 (D. Kansas Dec. 19, 2011); *Riego v. Carroll*, No. 08–433, 2009 WL 3448850, at *2 (D. Del. Oct. 23, 2009).

As discussed above, the Court finds that Plaintiff has established a "real danger" that relevant evidence will be destroyed as a result of WestFax's retention policies.  In contrast with the parties to the litigation, non-party WestFax does not have a duty to preserve information absent a court order.  Thus, in light of WestFax's alleged refusal to retain information absent a court order, the Court finds that there is a "lack of any other available remedy."  *See Bright Solutions*, 2015 WL 5159125, at *2–3 (ordering non-parties to preserve certain information, explaining that "[t]he need for such order is all the more pressing here, where the entities that have the information Plaintiffs need are not parties and thus have no duty to preserve absent a court order").

The issue, then, is whether the requested preservation order constitutes an appropriate exercise of the Court's discretion.  Central to this inquiry is whether the requested preservation order is overbroad and/or unduly burdensome.  Generally, parties serving a subpoena on a non-party are obligated to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d).  The Court, too, is obligated to protect a non-party "from significant expense resulting from compliance."  *Id*.  Moreover, typically, a non-party is afforded the opportunity to object on the ground of undue burden or expense.  *Id*.

Here, Plaintiff has failed to show that the order it requests would not be unduly burdensome on non-party WestFax.  And, as set forth above, it appears that Plaintiff failed to serve the subject Motion on WestFax such that it is unlikely that it has had an opportunity to voice any such objection.  The Court also has concerns with the breadth of the information Plaintiff is requesting the Court to order WestFax to preserve.  More specifically, although Plaintiff has persuaded the Court of the relevance of transmission reports and other ESI that identify fax numbers that received Defendants' advertising faxes, the information it requests

WestFax to preserve goes well beyond this information. For example, Plaintiff requests preservation of any ESI that contains any reference to or information about Defendants in their email, databases, activity logs, word processing files and file fragments, data in application programs, electronic calendars, spreadsheet programs, and email from third parties. (*See* Pl.'s Mot. 2–3, ECF No. 3.)

Equally concerning is that Plaintiff seeks to direct the method WestFax employs to preserve the foregoing information, including requiring it to preserve the information through obtaining an "exact mirror ('bit stream') image" with regard to online storage, storage devices, stand-alone computers, and network workstations. (*See* Mar. 16, 2016 WestFax Corres. 3–5, ECF No. 4-1.) As the Sixth Circuit has noted, "There is less clarity . . . surrounding the question of a district court's authority to compel the forensic imaging and production of computer hard drives as a means by which to preserve relevant electronic evidence." *Goetz*, 531 F.3d at 459. The *Goetz* Court offered the following discussion concerning the propriety of ordering forensic imaging:

> To be sure, forensic imaging is not uncommon in the course of civil discovery. A party may choose on its own to preserve information through forensic imaging, and district courts have, for various reasons, compelled the forensic imaging and production of opposing parties' computers. Nevertheless, courts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature. As the Tenth Circuit has noted, albeit in an unpublished opinion, mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures. And the Sedona Principles urge general caution with respect to forensic imaging in civil discovery:
>
> > Civil litigation should not be approached as if information systems were crime scenes that justify forensic investigation at every opportunity to identify and preserve every detail . . . . [M]aking forensic image backups of computers is only the first step of an expensive, complex, and difficult process of data analysis that can

7

> divert litigation into side issues and satellite disputes involving the
> interpretation of potentially ambiguous forensic evidence.
>
> Thus, even if acceptable as a means to preserve electronic evidence,
> compelled forensic imaging is not appropriate in all cases, and courts must
> consider the significant interests implicated by forensic imaging before ordering
> such procedures.

*Id.* (quoting The Sedona Principles at 34, 47 (all other internal citations and quotation marks

omitted)).

Also concerning is that Plaintiff additionally seeks preservation of WestFax's "Off-Line

Data Storage, Backups, and Archives."  (*See* Mar. 16, 2016 WestFax Corres. 3, ECF No. 4-1.)

The Sedona Principles advise that "[a]bsent specific circumstances, preservation obligations

should not extend to disaster recovery backup tapes created in the ordinary course of business."

The Sedona Principles at 35–36; *see also Automated Solutions Corp v. Paragon Data Sys., Inc.*,

756 F.3d 504, 514–15 (6th Cir. 2014) (affirming trial court's conclusion that back-up tapes were

not subject to the duty to preserve).

In sum, the Court finds that Plaintiff has satisfied its burden to demonstrate a real danger

that relevant evidence in non-party WestFax's possession will be destroyed absent a court order.

The requested scope of the preservation order, however, appears overly broad.  Plaintiff has also

failed to demonstrate that the requested order would not be unduly burdensome and has further

failed to establish that mirror imaging is necessary.  Accordingly, the Court **ORDERS** WestFax

to preserve any transmission report or other documents and ESI that identify fax numbers that

received Defendants' advertising faxes.  Certainly, WestFax may accomplish this through

forensic imaging, but may instead employ other, more cost-effective techniques for preserving

the information.  In light of the Court's duty to protect nonparties from "significant expense," the

Court will permit WestFax to file objections to this Opinion and Order **WITHIN FOURTEEN**

8

**(14) DAYS** if WestFax is unable to extrajudicially resolve any such objection with Plaintiff. Plaintiff is therefore **DIRECTED** to send a copy of the subject Motion and this Opinion and Order to WestFax.

### III.

For the reasons set forth above, Plaintiff's Motion To Preserve Evidence From WestFax, Inc. is **GRANTED IN PART** as set forth herein.  (ECF No. 4.)  Plaintiff is **DIRECTED** to send a copy of the underlying Motion and this Opinion and Order to WestFax.  To the extent it cannot reach an extrajudicial resolution with Plaintiff to any disputes arising from this Opinion and Order, WestFax may file any objections **WITHIN FOURTEEN (14) DAYS**.

**IT IS SO ORDERED.**


Date:  April 27, 2016                     /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE

9